IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE MORGANTI GROUP, INC. and THEODORE CATINO | ) ) ) | CIVIL ACTION NO. 301CV574 (PCD) |
| Plaintiffs | ) ) | |
| v. | ) ) | |
| BANDALI F. DAHDAH ALEXICOLE, INC. | ) ) ) | FEBRUARY 15, 2008 |
| Defendants | ) ) | |

## MOTION TO FIND BANDALI F. DAHDAH TO BE IN CONTEMPT

Plaintiff, The Morganti Group, Inc. ("Morganti"), hereby moves this court for an entry of an order against Defendant Bandali F. Dahdah ("Dahdah"), and all agents or employees and all other persons acting in concert with Dahdah:

1.  Adjudging Dahdah (and any persons who may be acting in concert with him) to be guilty of contempt of this Court.

2.  Prohibiting Dahdah from further use of the names and marks of Morganti, its related companies and the names of its officers and employees in connection with any website or hyperlink.

3.  Prohibiting Dahdah from publishing statements and comments which are defamatory of Morganti, its related companies and their owners, officers and employees.

4.      Prohibiting Dahdah from other violations of this Court's Consent judgment entered August 27, 2001 and of the Supplemental Consent Judgment and July 1, 2002, under penalty of criminal contempt.

5.      Requiring Dahdah to pay damages for such contempt.

6.      Granting such other and further relief, including assessment of attorneys' fees and costs, as the Court may deem just and proper.

The grounds for this motion are:

A.      Morganti and Catino initially brought the captioned action against Dahdah and the company, Alexicole, Inc. for, *inter alia*:

    (i)     unlawfully registering Morganti as a domain name for a website, including "morganti.com" and "morgantisucks.com;"

    (ii)    stating or inferring that Morganti and/or its executives had engaged in various unlawful acts; and

B.      On May 17, 2001 following a hearing, this Court entered a preliminary injunction prohibiting Dahdah from, *inter alia*;

    (i)     using the mark "morganti" as a domain name;

    (ii)    using the website "morganti.org;"

    (iii)   representing that he had any connection with Morganti;

    (iv)    trading upon and appropriating the goodwill and business of Morganti and its related companies;

    (v)     using hyperlinks to the web sites of Morganti and related companies; and

C.      Following discovery by Morganti and Dahdah, they entered into a settlement agreement, and stipulated to entry of a consent judgment which is appended hereto as **Exhibit B**, and which precluded Dahdah from, *inter alia*:

(i)     registering or using any domain name containing "Morganti," "Consolidated Contractors" and the names of owners and executives of Morganti and its parent and related companies (Paragraph 5); and

(ii)    from publishing defamatory and derogatory statements attributing criminal and illegal activities to Morganti and the owners and executives of Morganti and its parent and related companies.

(iii)   from using "Consolidated Contractors", "Consolidated Contractors Company" or "ccc" as a hyperlink.

Khoury is the family name of one of the two principal owners of Consolidated Contractors Company, a parent company of Morganti.

On the "khourysucks" website, established by Dahdah, there was a hyperlink to the Consolidated Contractors website, and there were statements suggesting wrongdoing by Consolidated Contractors and its officers and employees, and suggesting that a member of the Khoury family was involved in the Trade Center attack. Such activities violated the settlement agreement and consent judgment. Upon information and belief, Dahdah engaged in such activities in an effort to coerce Morganti and its related parent companies, or an owner or executive thereof, to give him money to discontinue such activities.

Subsequent to the original injunction, Dahdah engaged in activities which statements which involved, *inter alia*, publishing on the Internet statements defamatory and deprecatory of Morganti and its related companies and officers.

Morganti then filed a motion to find that Dahdah's actions were in contempt of this Court's prior judgment. The parties ultimately entered into a stipulation for entry of a Supplemental Consent Judgment which was entered on July 1, 2002.

Since then, there have been repeated actions by Dahdah to establish websites using the Khoury name and the publishing of defamatory statements.

On or about February 10, 2008, Morganti became aware of Dahdah's newest Blog violation – the establishment of a blog and the distribution of are "invitation" to visit the blog which uses the mark CCC as a hyperlink and which contains statements which are deprecatory and defamatory of Morganti and its related companies, its owners, and the executives and their families.

In support of the Motion, Plaintiffs submit the affidavit of their counsel, Peter L. Costas, and a memorandum of law.

Accordingly, Morganti respectfully requests that this Court find that Dahdah's actions are in contempt of the consent judgments and grant Morganti the appropriate relief.

Dated: February 15, 2008

THE MORGANTI GROUP, INC.
THEODORE CATINO

By: _____
Peter L. Costas  ct04260
Louis R. Pepe  ct04319
PEPE & HAZARD LLP
225 Asylum Street
Hartford, CT  06103
(860) 241-2630