# Officer's Return

**Middlesex, ss.**                                           *February 16, 2008*

I, this day, served the within notice by delivering in hand to the within named:

**Bandali F. Dahdah**

a true and attested copy of the same.

Said service was made at 1 Mulberry Lane, in said Burlington, Middlesex County, Massachusetts.

Scott A. Kingsley
Constable
Post Office Box 760821
Melrose, MA. 02176
(781) 665-7654



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE MORGANTI GROUP, INC. | ) | |
| and THEODORE CATINO | ) | CIVIL ACTION NO. |
| | ) | 301CV574 (PCD) |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BANDALI F. DAHDAH | ) | FEBRUARY 15, 2008 |
| ALEXICOLE, INC. | ) | |
| | ) | |
| Defendants | ) | |

AFFIDAVIT OF PETER L. COSTAS IN SUPPORT OF PLAINTIFF,
THE MORGANTI GROUP INC.'S MOTION
TO FIND BANDALI F. DAHDAH TO BE IN CONTEMPT

Peter L. Costas, being duly sworn, deposes and says as follows:

1. He is a member of the bar of this Court and has represented, and continues to represent, the plaintiffs in the captioned civil action.

2. The captioned civil action was brought against Bandali F. Dahdah ("Dahdah") and Alexicole, Inc. ("Alexicole"), a company which had been formed by Dahdah for other business activities but which was identified as the owner of the domain name which was involved in the original complaint. Attached hereto as Exhibit A is a copy of the original complaint (without attachments) in the captioned action, which was subsequently amended in minor respects.

3. In the original complaint, plaintiffs alleged that defendants unlawfully registered "Morganti" in domain names for a website, namely the domain names "morganti.com" and "morgantisucks.com." They further alleged that defendants were

PLC/31931/651/842059v1
02/14/08-HRT/

stating or inferring that Morganti and its executives had engaged in various unlawful acts and that Catino had been the subject matter of complaints alleging sexual misconduct or harassment of Morganti employees.

4.  On May 17, 2001, following a hearing before this Court, a preliminary injunction was entered prohibiting Dahdah from (i) using the mark "Morganti" as a domain name; (ii) using the website "morganti.org;" (iii) activating and using the website "morgantisucks.com;" (iv) representing that he (and Alexicole) had any connection with Morganti; (v) trading upon and appropriating the goodwill and business of Morganti; and (vi) aiding and abetting the above acts by others. A copy of the preliminary injunction issued by this Court is attached as Exhibit B.

5.  During the subsequent course of the proceeding, it was learned that Dahdah had registered the name of Morganti's parent Consolidated Contractors Company in the domain name "consolidatedcontractorssucks.com," upon which he continued activities previously included on the "morganti.org" website.

6.  Limited discovery was had by both parties in the captioned action and ultimately the parties agreed to a settlement calling for entry of a consent judgment. A copy of the settlement agreement is appended hereto as Exhibit C, and the consent judgment which precluded Dahdah from, *inter alia*; (i) registering or using any domain name containing "Morganti," "Consolidated Contractors," or any parent or related company, and the names of owners and executives of Morganti and its parent and related companies (Paragraph 5); and (ii) from publishing defamatory statements attributing criminal and illegal activities to Morganti and the owners and executives of

Morganti and its parent and related companies (Paragraph 8), and from establishing any hyperlink to any of the websites of the companies (Paragraphs 3 and 5).

7. Morganti is a subsidiary of a company known as SKH Holdings, Inc. which is a Delaware corporation; which in turn is a subsidiary of Consolidated Contractors Company [Europe], a Netherlands company; which in turn is a subsidiary of Consolidated Contractors Company, a Lebanese company headquartered in Athens, Greece. Consolidated Contractors Company is also known as "CCC". The owners of Consolidated Contractors Company are Said Khoury and Hassib Sabbagh.

8. Consolidated Contractors Company maintains its own website www.ccc.gr, and it has a favorable international reputation as a contractor on large construction projects in a number of countries.

9. During the pendency of the litigation, Mr. Dahdah registered as a domain name "consolidatedcontractorssucks.com" and began similar activities upon that website after the Court preliminarily enjoined the use of the Morganti websites.

10. Because Mr. Dahdah was heavily in debt and he and his family were in the process of being evicted from their residence, Morganti undertook to discuss disposition of the litigation. The settlement agreement was reached with only nominal damages being paid to plaintiffs as set forth in the agreement and in the consent judgment. The resolution of this proceeding was to include disposition of the domain name "consolidatedcontractors.com" without further legal proceedings, and also to preclude Mr. Dahdah from taking any steps to obtain other offending domain name registrations involving Morganti, or the names of any of the related and parent

companies of Morganti, or the names of any of the owners and executives of Morganti and its related and parent companies. He was also to refrain from making derogatory or deprecatory statements concerning Morganti, its related companies, their executives and owners. A copy of the Agreement is appended hereto as Exhibit D.

11. As provided in the settlement agreement, the parties entered into a Stipulation for Entry of Consent Judgment which was entered by this Court on August 27, 2002. A copy of the stipulation, consent judgment and order of the Court are appended hereto as Exhibit D. Paragraph 3 of the consent judgment enjoins Dahdah from using Morganti; paragraph 5 enjoins Dahdah from making use of "CCC," Consolidated Contractors, et al. as a domain name, and Consolidated Contractors as a domain name, or a hyperlink, or in any other manner in a website. Paragraph 8 enjoined Dahdah from making defamatory statements about Morganti, its related companies and their executives and owners.

12. There then followed a series of communications from Mr. Dahdah to Consolidated Contractors and its executions on websites, which includes a letter dated December 15, 2001 attached as Exhibit E and in which he shows his disrespect for the Court.

13. The denigration of Mr. Dahdah and accusations of misconduct, Consolidated Contractors and the families of the owners of Consolidated Contractors were caused distress, and the telefax communications and website information were producing morale problems as well as undermining the reputation of this established and internationally recognized company.

14. As a result, plaintiff's filed a motion to find Bandali Dahdah to be in contempt in view of his violation of the provisions of the Consent Judgment of August 27, 2001. A copy of the motion is appended hereto as Exhibit F.

15. On July 1, 2002, the Court considered the Stipulation for Entry of Supplemental Consent Judgment and entered the Supplemental Consent Judgment. A copy of the Stipulation and Supplemental Consent Judgment are appended hereto as Exhibit G.

16. Subsequently on November 8, 2006, Elizabeth Dahdah, wife of Bandali Dahdah, entered into a Covenant and Undertaking with Wael Khoury an officer of Consolidated Contractors which is the parent of the Morganti Group, Inc. In that document Elizabeth Dahdah entered into undertakings which mirrored those of Bandali Dahdah in the Consent Judgments. A copy of the document is appended hereto in Exhibit H.

17. In the past 2-3 years, Dahdah has established 5 websites using variations of Wael Kouhry or Khouhry with defamatory and derogatory statements concerning Wael Kouhry and others:

- http://www.khourysucks.blogspot.com
- http://www.wailkhoury.us
- http://www.wailkhoury.com
- http://www.waelkhoury.us
- http://www.waelkhoury.ws

18. On or about February 10, 2008, various officers of Consolidated Contractors received telefaxes inviting the recipients to log into a website www.hatafblogspot.com. A copy of the telefax is appended hereto as Exhibit I.

19. A printout of the Blog on February 12, 2008 is appended hereto as Exhibit J.

_____
Peter L. Costas

State of Connecticut    )
                        )
County of Hartford      )

Signed and sworn to before me this 14 day of February, 2008.

_____
Notary Public

CHRISTINE M. WELCH
NOTARY PUBLIC
MY COMMISSION EXPIRES 4/30/2009