IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE MORGANTI GROUP, INC. and THEODORE CATINO  )<br>)<br>) | CIVIL ACTION NO.<br>301CV574 (PCD) |
| Plaintiffs  )<br>) | |
| v.  )<br>) | |
| BANDALI F. DAHDAH<br>ALEXICOLE, INC.  )<br>)<br>) | April 15, 2008 |
| Defendants  ) | |

### PLAINTIFF'S TRANSMITTAL OF PROPOSED ORDER

At the hearing from the Court on Tuesday, April 8, 2008 on Plaintiff's Motion to Find Defendant Bandali F. Dahdah to be in Contempt, the Court found that Bandali F. Dahdah had engaged in acts which were in contempt of the injunctions issued by this Court and instructed and Plaintiff to file a proposed order.

Plaintiff has attached hereto the proposed order for the Court's consideration.

THE MORGANTI GROUP, INC.
THEODORE CATINO

By: /s/ Peter L. Costas
Peter L. Costas  ct04260
Louis R. Pepe  ct04319
PEPE & HAZARD LLP
225 Asylum Street
Hartford, CT  06103
(860) 241-2630

1

PLC/13626/107/848295v1
04/14/08-HRT/

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2008, a copy of Plaintiff's Transmittal of Proposed Order, was served electronically and by first class mail, postage prepaid, upon Bandali Dahdah, 1 Mulberry Lane, Burlington, Massachusetts 01803.

_____
Peter L. Costas

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE MORGANTI GROUP, INC. <br> and THEODORE CATINO <br><br>                       Plaintiffs, <br> -against- <br><br> BANDALI F. DAHDAH <br> ALEXICOLE, INC. <br><br>                       Defendants. | Case No. 3:01-CV-00574 (PCD) |

### ORDER ON THE MORGANTI GROUP, INC.'S
### MOTION TO FIND BANDALI F. DAHDAH TO BE IN CONTEMPT

On April 8, 2008, the Court heard argument on the motion of Plaintiff The Morganti Group, Inc's motion to find Defendant Bandali F. Dahdah to be in contempt of the Consent Judgment entered on August 27, 2001 (Docket No. 30) and the Supplemental Consent Judgment, entered on July 1, 2002 (Docket No. 56) (collectively the "Consent Judgments"). Upon review of the evidence submitted by Plaintiff and the written submissions of the absent Defendant, the Court finds Defendant Bandali F. Dahdah to be in contempt for intentionally engaging in the acts complained of by Plaintiff which clearly violate the terms of the Consent Judgments, including the transmission of faxes and emails containing scandalous, defamatory and/or deprecatory remarks concerning officers, employees and owners of The Morganti Group, Inc. and related companies, including Consolidated Contractors Company, and the posting of the same illicit content on numerous Web sites, including hataf.org, hataf.net, xanga.com/hatafhataf, hataf.wordpress.com, 66.30.204.222, 1141927.blogspot.com, hataf.blogspot.com and fnfdq8.blog.com.

Accordingly, IT IS HEREBY ORDERED:

1. Defendant Bandali F. Dahdah and those acting in concert with him, are restrained from engaging in any acts that violate the terms of the Consent Judgments previously entered by this Court.

2. Defendant Bandali F. Dahdah must deactivate the hataf.org Web site and any other Web site that he caused to be posted in violation of the terms of the Consent Judgments within 48 hours of receiving notice of this Order or, alternatively, he must promptly submit to the Court a statement explaining why he cannot deactivate the Web site(s) within this timeframe.

3. Defendant Bandali F. Dahdah is restrained from publishing or disseminating any content, including content created by third-parties, concerning the Morganti Group, Inc. and related companies, including Consolidated Contractors Company, over the Internet or through any other means, unless such has been requested by a requestor who is not associated with Defendant, and unless such content comprises unedited and unredacted publications.

4. Defendant Bandali F. Dahdah is restrained from publishing or disseminating any content, including content created by third-parties, about officers, employees or owners of the Morganti Group, Inc. and related companies, including Consolidated Contractors Company, over the Internet or through any other means, unless such has been requested by a requestor who is not associated with Defendant, and unless such content comprises unedited and unredacted publications.

5. Defendant Bandali F. Dahdah is restrained from publishing or disseminating any content, including content created by third-parties, about the family members or agents of officers, employees or owners of the Morganti Group, Inc. and related companies, including Consolidated Contractors Company, over the Internet or through any other means, unless such has been requested by a requestor who is not associated with Defendant, and unless such content comprises unedited and unredacted publications.

6. Defendant Bandali F. Dahdah is restrained from contacting or otherwise communicating with any officer, employee or owner of the Morganti Group, Inc. and related companies, including Consolidated Contractors Company, unless in response to a request by an officer or owner of the Morganti Group, Inc. and related companies, including Consolidated Contractors Company.

7. Any Internet provider, Web host, telephone operator, or any other third-party that receives actual notice of this Order, by personal service or otherwise, is restrained from knowingly permitting Bandali F. Dahdah or his agents, servants, employees, family members, or any and all persons acting in concert or participation with him, to use their services to engage in acts that violate the terms of this Order.

SO ORDERED.

_____          _____
Date                                 UNITED STATES DISTRICT JUDGE