IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE MORGANTI GROUP, INC.<br>and THEODORE CATINO | )<br>)<br>) | CIVIL ACTION NO.<br>301CV574 (PCD) |
| Plaintiffs | )<br>) | |
| v. | )<br>) | |
| BANDALI F. DAHDAH<br>ALEXICOLE, INC. | )<br>)<br>) | August 8, 2008 |
| Defendants | )<br>) | |

### REDACTION OF TRANSCRIPT

Defendant has requested redaction of a portion of the transcript of the hearing on April 8, 2008, and Plaintiff does not object to that redaction of the document available to the public. A copy of the redacted document is attached.

THE MORGANTI GROUP, INC.<br>
THEODORE CATINO<br><br>
By: _____<br>
Peter L. Costas ct04260<br>
Louis R. Pepe ct04319<br>
PEPE & HAZARD LLP<br>
225 Asylum Street<br>
Hartford, CT 06103<br>
(860) 241-2630

PLC/33074/651/860419v1
08/07/08-HRT/

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2008, a copy of Redaction of Transcript was e-mailed, and served by first class mail, postage prepaid, upon Bandali Dahdah, 1 Mulberry Lane, Burlington, Massachusetts 01803.

                                                          Peter L. Costas

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE MORGANTI GROUP, INC. and THEODORE CATINO | ) ) ) | CIVIL ACTION NO. 301CV574 (PCD) |
| Plaintiffs | ) ) ) | |
| v. | ) ) | |
| BANDALI F. DAHDAH ALEXICOLE, INC. | ) ) ) | April 14, 2008 |
| Defendants | ) ) | |

**TRANSCRIBED HEARING ON APRIL 8, 2008 BEFORE JUDGE DORSEY**

(ON PLAINTIFF'S MOTION TO EXPEDITE HEARING ON PLAINTIFF'S
MOTION TO FIND BANDALI F. DAHDAH TO BE IN CONTEMPT)

Judge: In anticipation much as they appear today, you have read them all. There have been some considerable emails directed to Ms. Milikowsky, the Law Clerk, from Mr. Dahdah. I have read it all, but what it really comes down to is a repeated fit for his being in London with no funds to obtain taxes back. In any event, I don't credit. Based on what you have demonstrated in the record and it seems to me that the appropriate thing is to deal with Mr. Dahdah on the basis that he had apprised to consent himself to avoid hopefully the jurisdiction of the court. To avoid responsibility for the conduct that you have recited that following up on the Consent Judgment would constitute a valid ground for filing in Contempt. Notwithstanding the materials submitted in the name of the defendant's wife, I find no

1

verification that she is the actual source of all that material. Simply having in mind your assertion that some communication with her that she has disrevolved the authorship of the material on the internet and website which otherwise would be attributable to her husband.

Costas:   Your Honor, if I might address that point a little further. I actually have an email from Ms. Dahdah stating that she had absolutely nothing to do with those telefax messages.

Judge:   I think that should be put in the record.

Costas:   I have an additional bundle, Your Honor, of emails that are more substantive nature relating to various issues he has raised, and I would also advise her that on Mr. Dahdah or wherever we can find him.

Judge:   Yeah.

Costas:   Your Honor, that letter I refer to is in this bundle.

Judge:   Well I will find Mr. Dahdah in contempt on the basis of the record. I would suggest Mr. Costas that you just check and make sure that everything that you wanted to file a contempt citation on is, in fact, included in the court record.

Costas: Your Honor; first of all I want to introduce my colleague, Mr. Mateyaschuk, who is not admitted in this court, but admitted in the Southern District of New York.

Judge: That is a reputable place to be admitted.

Costas: In any event, he has compiled a whole history of these telefax messages and that is one of these documents which we have submitted into his declaration with a lot of Exhibits behind it. We also have this declaration that they use in different terms, but it is a declaration of British counsel defending claims in London. There is an additional stack of emails that are damaging with respect to the issues of Mr. Dahdah's intent to depose like he was not the author; therefore, he was not liable for violating the consent.

Judge: I have not credited his contentions in that respect and the only questions that seems to be an order in granting the motions to find him in contempt noting that the order to show cause was served on him. His absence from this country I find was a contrivance to avoid or attempt to avoid the jurisdiction of the court. Insofar as his being subject to a review of his conduct and behavior as charged by the plaintiff to be in contempt of the court order as the judge earlier, and that's all based on what is in the record. All of which has been reviewed by the court, and I don't think requires further detailing

3

identification because frankly to do so would be exhausting in and of itself. So, therefore, I will not do that. Now, however, the question of what order should be entered. I'm not sure Mr. Costas, it may be in all of the pleadings, and I missed it. I don't find an order as to the relief that the plaintiff ought to be found entitled to in a form of sanctions against Mr. Dahdah. What I would propose to do is to enter such an order as you might submit to accomplish the purpose of providing the plaintiff with appropriate relief. In effect, reiterating the requirements that were originally part of the resolution of the case. I would do that and reserve to Mr. Dahdah the right to move when he returns to the jurisdiction of the court to interpose any grounds that he would claim to justify a vacation of the order of the time I am going to enter, and I do that merely to permit him the opportunity to have due process albeit that he has forfeited the right to contest the motion seeking to hold him in contempt by virtue of his first of all not being here today. He has been told that the matter was going to go forward here today. He has been told that repeatedly by Ms. Milikowsky and by the issuance of the order to show cause, and the scheduling of the matter for hearing here today. In effect, at such time as he chooses to come back into this jurisdiction of the court he can seek the opportunity to be heard. In the meantime, the order will take effect and be enforced. Did you submit an Order?

4

Costas:   I did not Your Honor because one of the matters was I think we have to tailor in order to meet.

Judge:   Now why don't I give you the opportunity to submit a proposed order based on the finding that I have entered here today?

Costas:   Your Honor, may I inquire?

Judge:   Yes.

Costas:   **REDACTED**

Judge:   **REDACTED**

Costas:   **REDACTED**

Judge:   **REDACTED**

Costas:   **REDACTED**


Judge:    **REDACTED**


Costas:   **REDACTED**

Judge: **REDACTED**

Costas: **REDACTED**

Costas: **REDACTED**

Judge: **REDACTED**

Costas: Thank you.

PLC/13626/107/860426v1
08/07/08-HRT/

Judge:     What else can I do for you?

Costas:     Actually for the appointment of counsel on the basis that he faces criminal contempt. It is sort of a late blooming.

Judge:     Well, does he ask...

Costas:     In the email that came in today he asks me for an appointment of counsel to represent him. Of course, he's not redundant that he has financial or disclosure that would be required.

Judge:     I didn't see it. Did he ask for the appointment of counsel in relation to the contempt citation? Well, it probably wasn't appropriate when you sent him a copy of the order finding him in contempt Mr. Costas that you informed him that having no showing by Mr. Dahdah. First of all it is in his authority to otherwise obtain counsel to represent him and secondly the effort that he has made to obtain counsel, both of which are prerequisites. Before I can order counsel to represent him that he should submit a formal request to the court to that effect and reciting his inability to obtain counsel, which is usually a financial one. Secondly, his efforts to obtain counsel that have been unsuccessful.

Costas:    Your Honor, the email that I am referring to bears today's date and agrees that must request that this court must provide me with the protection that was provided by the constitution, and since I am facing the possibility of the Honorable Judge Dorsey opposing criminal penalties, I request that the court provide counsel for me at the hearing.

Judge:    Do you have that plaintiff?

Peter:    That is the one you gave to me.

Judge:    This is not part of the package you gave me this morning. At least I don't find it. What we should do about that, I think, Mr. Costas is have staff counsel obtain an attorney to represent Mr. Dahdah, but that is not going to prevent the order of contempt from being effectuated. What we will tell the attorneys when we identify him from the staff counsel's office, tell him to communicate his appointments to Mr. Dahdah at whatever address we can provide him with. We should tell Mr. Dahdah that he will review the file and he will communicate with Mr. Costas, but he can't do much of anything until such time as Mr. Dahdah returns to the jurisdiction of the court and any further hearing can be requested.

9

Costas: Should I communicate to him a normal procedure for asking for appointment of counsel?

Judge: I will take care of what you have given me as adequate under the circumstances to request for appointment of counsel, but I don't regard it as compliance with the requirement. So, therefore, its obvious inability to retain counsel and secondly his efforts to arrange representation of counsel. So what I will have communicated to Mr. Dahdah is the fact that his request is not sufficient to justify appointment of counsel at this time and he will need to substantiate his entitlement on those two bases. So before we do anything with staff attorney as far as getting a name is concerned which is communicate that to Mr. Dahdah and see what he does. If he supplies the requisite position, then we can go ahead with the appointment of counsel on the basis that I have already indicated. Okay.

Costas: Thank you.