```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

THE MORGANTI GROUP, INC.,    .   Case No. 3:01-CV-00574
                             .   (PCD)
ET AL.,                      .
                             .
          Plaintiffs,        .
                             .   New Haven, Connecticut
     v.                      .   April 8, 2008
                             .
BANDALI F. DAHDAH, ET AL.,   .
                             .
          Defendants.        .
. . . . . . . . . . . . . . .

                     MOTION HEARING
           BEFORE THE HONORABLE PETER C. DORSEY
             SENIOR UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:          Pepe & Hazard, LLP
                            By: PETER L. COSTAS, ESQ.
                            Goodwin Square
                            Hartford, CT 06103

For the Defendant:          (No appearance.)

Electronic Court            MS. KATHLEEN FALCONE
Recorder Operator:
```

Proceedings recorded by electronic sound recording.
Transcript prepared by transcription service.

_____

BOWLES REPORTING SERVICE
P.O. BOX 607
GALES FERRY, CONNECTICUT 06335
(860) 464-1083

```
 1            (Proceedings commenced at 10:08 a.m.)
 2                 THE COURT:  I (unintelligible) in
 3   anticipation of what's going to occur today, that you
 4   have read them all, but there has been considerable e-
 5   mail directed to Ms. Milikowsky, the law clerk, from
 6   Mr. Dahdah, and I've read it all, but I don't think
 7   that -- What it really comes down to is a repeated
 8   pitch for his being in London with no funds to obtain
 9   passage back and, in any event, I don't credit it,
10   based on what you have demonstrated in the record, and
11   it seems to me that the appropriate thing is to deal
12   with Mr. Dahdah on the basis that he has contrived to
13   absent himself to avoid, hopefully, the jurisdiction of
14   the court, to avoid responsibility for the conduct that
15   you have recited, that following upon the consent
16   judgment would constitute a valid grounds for finding
17   him in contempt, and notwithstanding the material
18   submitted in the name of the defendant's wife, I find
19   no verification that she is the actual source of all of
20   that material, particularly having in mind your
21   assertion that from communication with her, that she
22   had disavowed the authorship of the material on the
23   Internet, that -- and website, that would otherwise be
24   attributable to her husband.
25                 So, therefore, --
```

```
 1              MR. COSTAS:  Your Honor, if I might address
 2    that point a little further?
 3              I actually have an e-mail form Mrs. Dahdah
 4    stating that she had absolutely nothing to do with
 5    those telefax messages that were being --
 6              THE COURT:  Well, I think --
 7              MR. COSTAS:  -- sent out.
 8              THE COURT:  -- that should be put in the
 9    record.
10              MR. COSTAS:  I have an additional bundle,
11    Your Honor, of e-mails, that are more substantive
12    nature, relating to various issues he's raised, and I
13    would offer and serve that on Mr. Dahdah wherever we
14    can find it.
15              THE COURT:  Yeah.
16              Well, --
17              MR. COSTAS:  That -- The letter I referred
18    to, Your Honor, is in this bundle of --
19              THE COURT:  Okay.
20              Well, I will find Mr. Dahdah in contempt on
21    the basis of the record.
22              I would suggest, Mr. Costas, that you just
23    check and make sure that everything that you wanted to
24    found the contempt citation on is, in fact, included in
25    the court record.
```

1   MR. COSTAS: Mr. Mateyaschuk -- Your Honor,
2  first of all, I'd like to introduce my colleague, Mr.
3  Mateyaschuk, who is not admitted in this court, but is
4  admitted in the Southern District of New York.
5   He has compiled a collection --
6   THE COURT: Well, that's a reputable place to
7  be admitted.
8   MR. COSTAS: In any event, he has compiled a
9  whole history of these telefax messages, and that's one
10 of the documents which we have submitted as his
11 declaration, with a lot of exhibits behind it.
12  We also have this declaration, they use a
13 different term, but the declaration of British counsel
14 defending claims by Mr. Dahdah in London.
15  This additional stack of e-mails are damning,
16 in many respects, with respect to the issues of which
17 Mr. Dahdah has attempted to interpose, like he was not
18 the author, therefore, he was not liable for violating
19 the contempt agreements.
20  THE COURT: Well, as I say, I have -- I've
21 not credited his contentions in that respect, and the
22 only question that seems to be the order in granting
23 the motions to find him in contempt, noting that the
24 order to show cause was served on him.
25  His absence from this country, I find, was a

1  contrivance to avoid, or attempt to avoid, the
2  jurisdiction of the court, insofar as his being subject
3  to a review of his conduct and behavior, as charged by
4  the plaintiffs, to be in contempt of the Court's order,
5  as adjudged earlier, and that's all based on what's in
6  the record, all of which has been reviewed by the
7  Court, and I don't think requires further detailing,
8  identification because, frankly, to do so would be
9  exhaustive, in and of itself.  So, therefore, I will
10 not do that.
11         Now, however, the question of what order
12 should be entered, I'm not sure, Mr. Costas, maybe in
13 all of the pleadings I've missed it, but I don't find
14 an order as to the relief that the plaintiff ought to
15 be found entitled to, in the form of sanctions against
16 Mr. Dahdah.
17         What I would propose to do is to enter such
18 an order as you might submit, to accomplish the purpose
19 of providing the plaintiff with appropriate relief, in
20 effect reiterating the requirements that were
21 originally part of the resolution of the case, and I'd
22 -- I would do that, and reserve to Mr. Dahdah, the
23 right to move, when he returns to the jurisdiction of
24 the court, to interpose any grounds that he would claim
25 would justify a vacation of the order that I'm going to

1  enter, and I do that merely to permit him the
2  opportunity to have due process, albeit that he has
3  forfeited the right to contest the motion seeking to
4  hold him in contempt, by virtue of his, first of all,
5  not being here today, and he has been told that the
6  matter was going to go forward here today.  He has been
7  told that repeatedly by Ms. Milikowsky, and by the
8  issuance of the order to show cause, and the scheduling
9  of the matter for hearing here today.
10            In effect, at such time as he chooses to come
11 back into the jurisdiction of the Court, he can seek
12 the opportunity to be heard, but in the meantime the
13 order will take effect and be in force.
14            Now, did you submit an order --
15            MR. COSTAS:  No, I did not, Your Honor,
16 because this was one of these matters where I think we
17 have to tailor an order to meet --
18            THE COURT:  Well, why --
19            MR. COSTAS:  -- the situation.
20            THE COURT:  -- don't I do this, give you the
21 opportunity to submit a proposed order, based on the
22 finding that I have entered here today.
23            MR. COSTAS:  Your Honor, may I inquire?
24            THE COURT:  Yes.
25            MR. COSTAS:

```
 1
 2
 3
 4
 5
 6            THE COURT:
 7
 8            MR. COSTAS:
 9            THE COURT:
10
11            MR. COSTAS:
12
13
14
15
16
17
18
19
20
21
22
23
24
25            THE COURT:
```

```
 1
 2
 3           MR. COSTAS:
 4           THE COURT:
 5
 6
 7
 8
 9
10
11
12
13
14
15
16           MR. COSTAS:
17           THE COURT:  Well, it isn't going to be a writ
18   of habeas.
19           MR. COSTAS:
20           THE COURT:
21
22
23
24
25           MR. COSTAS:  Thank you, Your Honor.  I
```

1   appreciate the direction.
2           THE COURT:  Okay.
3           Well then, I --
4           MR. COSTAS:  Well, if I may, Your Honor, we
5   will submit a new injunction, if you wish, that further
6   defines his obligations, or that he shouldn't do.
7           THE COURT:  Yeah.  Sure.
8           An order, based upon the finding of contempt,
9   in the form of a further order with respect to his
10  conduct and behavior, and that would, of course, be
11  appropriate to communicate to him as soon as it's
12  entered by the court, and then when he does reappear in
13  this country, and you are able to effectuate his
14  physical presence before the court, I'll deal with the
15  issue of a capias, if that's what you seek at that
16  time, and I will then also deal with the question of a
17  mental health evaluation, which would perhaps be
18  appropriate to issue an order to that effect, at the
19  same time.
20          So, both of those things should be the
21  subject of appropriate motions, and memoranda.
22          Okay?
23          MR. COSTAS:  Thank you.
24          THE COURT:  What else can I do for you?
25          MR. COSTAS:  Well, he did -- he -- today,

1   asking for the appointment of counsel on the basis that
2   he faces a criminal contempt.
3           THE COURT:  Well, --
4           MR. COSTAS:  This is sort of a late
5   blooming --
6           THE COURT:  Well, he -- Has he asked for a --
7   one?
8           MR. COSTAS:  In the e-mail that came in
9   today, he's asking for appointment of counsel to
10  represent him.
11      (Pause.)
12          MR. COSTAS:  Of course, he's not done any of
13  the financial disclosure that would be required, and --
14      (Pause.)
15          THE COURT:  I didn't see -- Did he ask for
16  the appointment of counsel in relation to the contempt
17  citation?
18          MS. MILIKOWSKY:  Not in any of the materials
19  I received.
20          THE COURT:  Well, I think it probably would
21  not be inappropriate, when you send him a copy of the
22  order finding him in contempt, Mr. Costas, that you
23  inform him that having no showing by Mr. Dahdah of,
24  first of all, his inability to otherwise obtain counsel
25  to represent him; and secondly, the effort that he has

1  made to obtain counsel, both of which are prerequisites
2  before I can order counsel to represent him, that he
3  should submit a formal request to the Court to that
4  affect, and reciting his inability, and the basis for
5  his inability to obtain counsel and -- which is usually
6  a financial one; and secondly, his efforts to obtain
7  counsel that have been unsuccessful.
8          MR. COSTAS:  Your Honor, the provision that
9  -- the e-mail that I'm referring to bears the date --
10 today's date, and it reads:
11          "I must request that this court provide me
12          with the protection provided by the
13          Constitution, and since I am facing the
14          possibility of the Honorable Judge Dorsey
15          imposing criminal penalties, I request that
16          the Court appoint counsel for me at the
17          hearing."
18          THE COURT:  Do you have that, Briana?
19          MS. MILIKOWSKI:  I don't know.
20          Was that addressed to me?
21          MR. COSTAS:  You're the one who gave it to
22 me.
23          THE COURT:  This is not part of the package
24 you gave me this morning, Briana, at least I don't find
25 it.

1           UNIDENTIFIED SPEAKER:  (Inaudible.)
2       (Pause.)
3           MS. MILIKOWSKI:  It's on the second page.
4           THE COURT:  Well, --
5           MR. COSTAS:  I merely wanted to bring the
6   matter to the Court's attention.  I will --
7           THE COURT:  Well then, what we should do
8   about that, I think, Mr. Costas, is that --
9       (Pause.)
10          THE COURT:  -- that what we should do is,
11  through staff counsel, obtain a -- an -- a -- an
12  attorney to represent Mr. Dahdah, and -- but that's not
13  going to prevent the order of contempt from being
14  effectuated, and what we will tell the attorney, when
15  we identify him from the staff counsel's office, tell
16  him to communicate his appointment to Mr. Dahdah at
17  whatever address we can provide him with, and tell him
18  that he should tell Mr. Dahdah that he will review the
19  file, and he will communicate with Mr. Costas and --
20  but he can't do much of anything until such time as Mr.
21  Dahdah returns to the jurisdiction of the court, and a
22  further hearing can be requested.
23          MR. COSTAS:  Should I communicate to him in
24  the normal procedure for asking for appointment of
25  counsel?

1        THE COURT:  Well no, I'll take --
2        MR. COSTAS:  You'll take care of it?
3        THE COURT:  -- what you've given me as an
4   adequate, under the circumstances, request for the
5   appointment of counsel, but I don't regard it as
6   compliant with the requirements of his making a
7   showing.  So therefore, the -- of his inability to
8   retain counsel; and secondly, his efforts to arrange
9   representation of counsel.
10       So, what we -- I will have communicated to
11  Mr. Dahdah, is the fact that his request is not
12  sufficient to justify appointment of counsel at this
13  time, and he will need to substantiate his entitlement
14  on those two bases.
15       So, before we do anything with staff
16  attorneys, as far as getting a name is concerned, we
17  should communicate that to Mr. Dahdah, and see what he
18  does.  If he supplies the requisite conditions, then we
19  can go ahead with the appointment of counsel on the
20  basis that I've already indicated.
21       Okay?
22       MR. COSTAS:  Thank you, Your Honor.
23       THE COURT:  All right.
24       We'll stand in recess.
25    (Proceedings concluded at 10:30 a.m.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                May 15, 2008
STEPHEN C. BOWLES